UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WINDSOR AT MARINER'S TOWER,**<br><br>                               **Plaintiff,**<br>v.<br>**CARL GREENE,**<br><br>                               **Defendant.** | Civil Action No. 13-5128 (WJM)<br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this case to state court. [CM/ECF No. 4.] Defendant opposes the motion. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

## BACKGROUND

*Pro se* Defendant Carl Greene ("Greene" or "Defendant") rents an apartment owned by Plaintiff Windsor at Mariner's Tower ("Windsor" or "Plaintiff"). The apartment is located in Edgewater, New Jersey. Greene resides in the apartment.

On August 6, 2013, Windsor filed a complaint for non-payment of rent in New Jersey Superior Court, Bergen County, Landlord/Tenant Division against Greene seeking recovery of

rent for the month of July 2013.[1]  On August 27, 2013, Defendant removed the action to this Court on grounds of diversity[2] and federal question jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1443, respectively.  (Notice of Removal.)  Defendant's Notice of Removal did not have a copy of the state court pleading attached.

On October 21, 2013, Windsor moved to remand this case to state court. Windsor asserts three arguments in support of remand.  First, Windsor argues that Defendant failed to comply with the procedural requirements of 28 U.S.C. § 1446(a) governing removal, in particular, that Defendant failed to state the grounds for removal and failed to attach a copy of the state court pleading.  Second, Windsor contends that because Defendant resides in the apartment in New Jersey, the case is properly venued in state court.  Windsor also claims that the amount in controversy is well below the statutory minimum of $75,000.  Third, Windsor argues that there is no federal cause of action pending before this Court.

Opposing the motion, Defendant argues that the parties are diverse.  Defendant also claims that the equitable relief sought and the potential recovery of rent makes the amount in controversy more than $75,000.  Finally, although acknowledging that he could not file a counterclaim in the state court action for violation of his civil rights, Defendant maintains that he has a valid claim for discrimination based on ethnicity and disability and that this Court has

---

[1] Neither party has submitted a copy of the Complaint filed in state court nor was a copy of the pleading attached to Defendant's Notice of Removal.  The Court therefore relies on the parties' representations in their briefs as to when the pleading was filed and the allegations contained therein.

[2] 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States[.]" 28 U.S.C. 1332(a)(1).

2

jurisdiction over those unpled claims.

## DISCUSSION

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

The Court has reviewed the papers submitted and concludes that the case should be remanded for the following reasons.

**One**, Defendant has failed to demonstrate by a preponderance of the evidence that the parties are diverse. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). The facts advanced by Defendant[3] surrounding the parties' citizenship are inconsistent and do not provide a sufficient basis upon which to make a finding of diversity. Defendant has not provided a copy of the Complaint which may contain a statement of the parties' citizenship. He has not provided a sworn statement containing facts relative to his domicile. The Court has no reason to accept as true any one fact more than the other. Because he has failed to submit a signed declaration or attach the state court pleading which conceivably could provide a grounds upon which to make a ruling, the Court is left to speculate as to whether the parties are diverse. See Levy v. Weissman, 671 F.2d 766, 767 (3d Cir. 1982) (courts look to the face of the

---

[3]Defendant offers conflicting statements regarding citizenship of the parties. Specifically, Defendant's Notice of Removal indicates that Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Pennsylvania. Defendant's brief, however, argues an entirely different set of facts: that Plaintiff is a citizen of New Jersey and that Defendant is domiciled in Massachusetts. In addition to these inconsistent statements, Defendant submits yet a third representation, in the form of an unsigned declaration, wherein he indicates that his "first domicile" was established in Massachusetts (perhaps implying that there was a subsequent one) and that he does not intend to remain in New Jersey.

complaint to determine if an action may be removed on the basis of diversity jurisdiction).[4]

Defendant's submissions fail to show with any degree of certainty the citizenship of either party. Defendant has failed to carry his burden here.

**Two**, Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446(c)(2)(A)(ii)-(B); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).[5]  Plaintiff filed its Complaint seeking rent for the month of July 2013 which amounted to $3,571, including costs and fees.  Plaintiff indicates in its reply brief that Defendant presently owes approximately $20,000 in rent.  There is nothing in the record that would suggest Plaintiff is making any other claims for damages other than the rent and some nominal related costs and fees.

Defendant's argument that the amount of controversy should be measured by the amount of future payments due under the lease is wholly unsubstantiated.  To begin with, it is unclear whether the parties entered into a written lease.  To the extent there is a lease, Defendant has not provided the Court with a copy or supplied any information as to the amount of the purported future payments.  Defendant's "prediction" that there may be a rent increase of as much as 15% in the coming years is also unfounded and has no bearing on the amount sought to be recovered

---

[4]Citing New Jersey Rules governing venue, Windsor argues that because Greene is residing in an apartment in New Jersey, the case is properly venued in state court and therefore the domicile of Defendant is of no relevance.  Windsor appears to confuse jurisdiction with venue.  A determination of Defendant's domicile, not mere residence, is essential for a jurisdictional analysis. The fact that Defendant resides in an apartment in New Jersey does not necessarily make him a citizen of the state. See  Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[W]here one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.").  Nevertheless, for the reasons expressed above, the Court is without sufficient information to make a determination of citizenship in this case.

[5]Where, as in New Jersey, the State practice does not permit demand for a specific sum, the "removal of the action is proper on the basis of the amount in controversy . . .if the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000.  28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

now. As to the value of any prospective eviction, the Court finds that here has been no showing as to what Plaintiff will do with the property or whether it will re-lease the property to another party at a rent that would exceed $75,000. Defendant has failed to carry his burden of showing that the amount in controversy exceeds $75,000.[6]

**Three**, this Court does not have federal question jurisdiction. The Complaint is a summary action for non-payment of rent. Plaintiff's Complaint does not allege any federal claim. See Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Tr. for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.") The Complaint involves only a landlord-tenant dispute which is purely a state law matter. Any federal claims Defendant purports to have are not before this Court. Accordingly, federal question jurisdiction is not present here.

## CONCLUSION

In sum, Defendant has failed to establish any of the requirements for diversity removal jurisdiction. This is a straightforward state law tenancy matter that belongs in state court. For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

Counsel for Plaintiff is directed to serve a copy of this Report and Recommendation upon Defendant within **5 days** of its entry.

                                          s/Mark Falk
                                          **MARK FALK**
**Dated: January 17, 2014**          **United States Magistrate Judge**

---

[6] Defendant's failure to comply with 28 U.S.C. § 1446 by neglecting to attach the state court pleadings is a procedural defect and curable, and does not affect the right to remove. See Thomason Auto Grou[, LLC v. China America Co-op. Automotive, Inc., No. 08-3365, 2009 WL512195, *3 (D.N.J. Feb. 27, 2009)